Glen PYLE, Plaintiff,

v.

Lynn HATLEY, Arlene Schreiber, Robert Schreiber, Stan Steiber, Dr. Jerry Howle, Julie Bachman, Dep. D.A. Dina Salucci, Dep. D.A. Scott Doyle and Cheryl Abrams, Court Clerk Cathy Calhoun, Reporter Joan Wilder, Scott Doyle, Justice of Peace, Jim Eneral, Judge Gamble, Judge Gibbons, Jan Kant, Otto Lynn, Steven Shaw, Nevada Deputy Sheriffs Tubridy, Konz and Dees, and Modispatcher, Dina Ruch, Michelle Saling, Levitt & Quinn, La City Comms. Curtis and Dobbs, Dist. Attorneys Cooley and Garcetti, Dep. D.A.S Doss, Burnetti, Chilstrom, Pettigrew, Bozanich, Watson and Geltz, Retired Dep. Sheriffs Holden and Larry Toque and Judges Stoll, Gold, Black and Lee, Defendants.

No. CV 02–5741–WJR(RC).

United States District Court,
C.D. California.

Dec. 10, 2002.

Glen Pule, Sun Valley, CA, pro se.

Mark T. Gallagher, Feldman Shaw, Zephyr Cove, NV, for Arlene Schreiber, Robert Schreiber.

Michael D. Lind, Brady Vorwerck & Ryder Law Corp., Orange, CA, for Stan Steiber.

John M. LeBlanc, Barger & Wolen, Los Angeles, CA, for Jerry Howle.

Katherine F. Bobier, Thorndal Armstrong Delk Balkenbush & Eisinger, Reno, NV, for Dep. D.A. Dina Salucci, Dep. D.A. Scott Doyle, Cheryl Abrams, Cathy Calhoun, Joan Wilder, Scott Doyle, Jim Eneral, Deputy Sheriff Tubridy.

Richard J. Rojo, Office of Atty. Gen. of Cal., Los Angeles, CA, Stephen D. Quinn, Office of Nev. Atty. Gen, Carson City, NV, for Judge Gamble, Judge Gibbons.

Lynn Hatley, pro se.

## ORDER ADOPTING FIRST REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint along with the attached First Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that:

(1) the First Report and Recommendation is approved and adopted;

(2) the complaint is dismissed for lack of personal jurisdiction against defendants Arlene Schreiber, Robert Schreiber, Stanley J. Steiber, Dr. Jerry Howle, Judge David Gamble, Judge Michael Gibbons, and Otto Lynn;

(3) the complaint is dismissed with prejudice based on judicial immunity, against defendants Commissioner Richard Curtis, Commissioner Ann Dobbs, Judge David R. Gamble and Judge [FNU] Gold; and

(4) plaintiff's requests for preliminary injunctive relief are dismissed with prejudice; and

(5) the complaint is dismissed with leave to amend against the remaining defendants, and plaintiff is afforded, if he so chooses, thirty (30) days in which to file a First Amended Complaint that cures all of the defects discussed herein, is complete in itself without reference to the original complaint, and which pleads no new causes of action and adds no new defendants. Failure to timely file a First Amended Complaint may result in dismissal of this action for failure to diligently prosecute.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's First Report and Recommendation by the United States mail on the parties.

## FIRST REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This First Report and Recommendation is submitted to the Honorable William J. Rea, Senior United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On August 12, 2002, plaintiff Glen Pyle, a citizen proceeding pro se, filed a Bivens[1] civil rights complaint against defendants Lynn Hatley,[2] Arlene Schreiber, Robert Schreiber, Stan Steiber, Dr. Jerry Howle, Julie Bachman,[3] Deputy District Attorney

---

**1.** *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** Defendant Lynn Hatley is alleged to be plaintiff's former wife, who has lived in Nevada since September 1995. Complaint, ¶¶ 1–2.

**3.** Defendant Bachman is alleged to be an attorney who practices and resides in both California and Nevada. Complaint, ¶ 6.

Dina Salucci, Deputy District Attorney Scott Doyle,[4] and Deputy District Attorney Cheryl Abrams, Court Clerk Cathy Calhoun,[5] Joan Wilder,[6] Justice of Peace Jim Eneral, Judge David A. Gamble, Judge Michael Gibbons, Jan Kant,[7] Otto Lynn, Steven Shaw, Nevada Deputy Sheriff Tubridy, Nevada Deputy Sheriff Konz, Nevada Deputy Sheriff Dees, Nevada Deputy Sheriff Modispatcher,[8] Dina Ruch,[9] Michele Saling, Levitt & Quinn,[10] Commissioner Richard A. Curtis, Commissioner Ann Dobbs,[11] District Attorney Cooley, District Attorney Garcetti,[12] Deputy District Attorney Doss, Deputy District Attorney Burnetti, Deputy District Attorney Chilstrom, Deputy District Attorney Pettigrew, Deputy District Attorney Bozanich, Deputy District Attorney Watson, Deputy District Attorney Geltz,[13] Deputy Sheriff Larry Holden, Deputy Sheriff Larry Toque,[14] Judge Stoll, Judge Gold, Judge Black and Judge Lee,[15] claiming these defendants violated his constitutional rights by denying him child custody and visitation rights and wrongfully having him arrested.

■ Plaintiff alleges he initiated a divorce proceeding against defendant Hatley in Los Angeles Superior Court case no. ED 014870, and on December 16, 1996, defendant Commissioner Curtis issued a judgment giving him and defendant Hatley (formerly Lynn Pyle) joint legal and physical custody of their son, Christopher Pyle, a minor. Complaint, ¶¶ 20, 22, Exh. A.[16]

4. Defendants Deputy District Attorneys Salucci and Doyle are alleged to be employed by Douglas County, Nevada. Complaint, ¶ 7.

5. Defendant Calhoun is alleged to be employed as a clerk by Douglas County, Nevada. Complaint, ¶ 9.

6. Defendant Wilder is alleged to be a court reporter employed by Douglas County, Nevada. Complaint, ¶ 8.

7. Defendant Kant is alleged to be employed by Douglas County, Nevada, as an investigator with child protective services. Complaint, ¶ 10.

8. Defendants Deputy Sheriffs Tubridy, Konz, Dees and Modispatcher are alleged to be employed by Douglas County, Nevada's Sheriff's Department. Complaint, ¶ 11.

9. Defendant Ruch is alleged to be an attorney residing in Los Angeles, California. Complaint, ¶ 12.

10. Defendant Saling is alleged to be at attorney employed by Levitt & Quinn in Los Angeles, California. Complaint, ¶ 13.

11. Defendants Commissioners Curtis and Dobbs are alleged to be Superior Court Commissioners employed by Los Angeles County, California, and are alleged to reside in Los Angeles County, California. Complaint, ¶ 14.

12. Defendants Cooley and Garcetti are alleged to be Los Angeles County District Attorneys, and are alleged to reside in Los Angeles County, California. Complaint, ¶¶ 15–16.

13. Defendants Deputy District Attorneys Doss, Burnetti, Chilstrom, Pettigrew, Bozanich, Watson and Geltz are alleged to be employed by the Los Angeles District Attorney's Office, and are alleged to reside in Los Angeles County, California. Complaint, ¶ 17.

14. Defendants Deputies Sheriff Holden and Toque are alleged to reside in Los Angeles, California. Complaint, ¶ 18.

15. Defendants Judges Stoll, Gold, Black and Lee are alleged to be Superior Court Judges employed by Los Angeles County, and are alleged to reside in Los Angeles County, California. Complaint, ¶ 18.

16. The plaintiff has attached a copy of the December 16, 1996 judgment to his complaint. "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Roth v. Garcia Marquez,* 942 F.2d 617, 625 n. 1 (9th Cir.1991) (citations and internal punctuation omitted); *see also Cooper v. Pickett,* 137 F.3d 616, 622–

Despite this order, plaintiff alleges defendant Hatley, who allegedly moved to Nevada in September 1995, has limited plaintiff's visitations and conspired with other named defendants "to deny [him] visitation and custody rights." Complaint, ¶ 20. Moreover, plaintiff alleges defendant Hatley, with the aid of her parents, defendants Arlene Schreiber and Robert Schreiber, has violated numerous court orders and "engaged in wilful child abduction and kidnaping...." Complaint, ¶¶ 21, 23. Further, plaintiff alleges the Los Angeles County Superior Court continues to have jurisdiction over his case, but has erroneously refused to exercise its jurisdiction by, for example, refusing to hold defendant Hatley in contempt. Complaint, ¶¶ 23–27.

Plaintiff also alleges that on September 17, 1998, defendant Judge Gamble, in violation of due process and Nevada law, issued an order for the supervised visitation of Christopher by plaintiff. Complaint, ¶ 29. Plaintiff alleges that he was arrested on December 8, 1998, for failing to pay child support, was released on bail, and was rearrested on March 7, 1999, and extradited to Nevada, where the matter is still pending. Complaint, ¶ 30. Finally, plaintiff alleges that on September 6, 2000, the Nevada District Attorney threatened him with arrest if he did not pay child support, and "[t]he continuing threat of arrest was sufficient to deter plaintiff from going to Nevada or taking any action there to claim his custody and visitation rights." Complaint, ¶ 31.

Based on these allegations, plaintiff contends each named defendant "aided and abetted the efforts of defendant Lynn Hatley to abduct Christopher Pyle from California and ... [conspired to] deny custody and visitation [of Christopher] to plaintiff" and "to harass Plaintiff with legal actions in retaliation for his complaints about the refusal of the authorities to take any legal action concerning the kidnaping and abduction of Christopher Pyle...." Complaint, ¶¶ 19–21, 33, 35, 37. Plaintiff seeks $60 million in damages from each defendant, "a preliminary injunction directed to the United States Marshals to show cause why they should not be employed to enforce the orders of the California courts which the California Court and the Nevada Courts have refused to do," and a "preliminary injunction placing the child, Christopher Pyle[,] under the supervisor [sic] and care of the plaintiff." Complaint at 8:2–11.

Defendant Hatley, proceeding pro se, and defendants Deputy District Attorney Dina Salvucci, Scott Doyle, Cheryl Abrams, Cathy Calhoun, Joan Wilder, Justice of the Peace Jim Enearl, Douglas County Deputy Sheriff David Turbidy, Douglas County Deputy Sheriff Richard Koontz and Douglas County Deputy Sheriff Lance Modispatcher, through their counsel, answered the complaint, and all defendants except Hatley raised numerous affirmative defenses.[17] However, defendants Judge David R. Gamble, Judge Michael Gibbons, and Otto Lynn filed motions to dismiss the complaint under Rule 12(b)(2), for lack of personal jurisdiction, and under Rule 12(b)(6), for failure to state a claim on which relief can be granted, and defendants Arlene Schreiber, Robert Schreiber, Stanley J. Steiber, and Dr. Jerry Howle filed motions to dismiss the complaint under Rule 12(b)(2), for lack of

23 (9th Cir.1997) (noting material which is properly submitted as part of a complaint may be considered on motion to dismiss).

**17.** The Court is surprised that these Nevada defendants answered the complaint rather than filing a motion to dismiss under Rule 12(b)(2), for lack of personal jurisdiction, and under Rule 12(b)(6), for failure to state a claim on which relief can be granted, as discussed below.

personal jurisdiction. Plaintiff has not opposed these motions to dismiss.

## DISCUSSION

### II

 Rule 12(b)(1) authorizes a court to dismiss a claim for lack of subject matter jurisdiction. "Under the 'Rooker–Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir.), *cert. denied*, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482, 486, 103 S.Ct. 1303, 1311, 1315, 1317, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). The Rooker–Feldman doctrine is a jurisdictional bar that prevents federal court review even if the claim alleges the state court's action was unconstitutional. *Feldman*, 460 U.S. at 486, 103 S.Ct. at 1317; *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*, 516 U.S. 1009, 116 S.Ct. 565, 133 L.Ed.2d 491 (1995); *Allah v. Superior Court*, 871 F.2d 887, 890–91 (9th Cir.1989).

 A claim challenges a state court decision if the constitutional claims are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16. "[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25,

107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring); *see also Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 222 (9th Cir.1994) ("Courts have generally concluded that claims are inextricably intertwined when the district court must scrutinize both the challenged rule and the state court's application of that rule.").

 Here, plaintiff's request for a "preliminary injunction placing the child, Christopher Pyle[,] under the supervisor [sic] and care of the plaintiff," Complaint at 8:10–11, is clearly inextricably intertwined with the Los Angeles County Superior Court's award of joint custody to plaintiff and defendant Hatley. *See Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir.2002) ("A claim is inextricably intertwined with a state court judgment . . . if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" (citation omitted)). Thus, it is "nothing more than an impermissible collateral attack on prior state court decisions," which must be dismissed for lack of subject matter jurisdiction. *Branson*, 62 F.3d at 291. Furthermore, "the domestic relations exception . . . divests the federal courts of power to issue . . . child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, rights of visitation.'" (citations omitted)).[18]

---

**18.** Plaintiff's other request for injunctive relief, seeking a "preliminary injunction directed to the United States Marshals to show cause why they should not be employed to enforce the orders of the California courts[,]" must also be dismissed because, among other serious defects, the United States Marshal's Service is not a party to this action.

## III

■ Defendants Arlene Schreiber, Robert Schreiber, Steiber, Dr. Howle, Judge Gamble, Judge Gibbons and Lynn have moved to dismiss the complaint under Rule 12(b)(2), for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiff[ ] bear[s] the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir.2002); *Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir. 2001). "[I]n order to defeat [the defendants'] motions to dismiss for lack of personal jurisdiction, at this stage, [p]laintiff[ ] only need[s] to make, through [his] pleadings and affidavits, a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir.2001); *Dole Food Co.,* 303 F.3d at 1108.

■ Generally, "[a] federal court may exercise personal jurisdiction that 'comport[s] with the state long-arm statute, and with the constitutional requirements of due process.'" *Lee,* 250 F.3d at 692 (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269 (9th Cir.1995)); *see* Cal.Code of Civ. Proc. § 410.10 (authorizing jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States"). Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations and internal punctuation omitted); *Asahi Metal Indus. Co., Ltd., v. Superior Court of California, Solano County,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); *Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1050 (9th Cir.1997). However, the nature and quality of contacts necessary to support jurisdiction depends upon the type of jurisdiction asserted. *Fireman's Fund Ins. Co. v. National Bank of Coops.,* 103 F.3d 888, 893 (9th Cir.1996).

■ A court may exercise personal jurisdiction over a nonresident defendant either specifically or generally. *Doe,* 112 F.3d at 1050. General jurisdiction may be asserted over a nonresident defendant whose contacts with a state are substantial, continuous or systematic. *Helicopteros Nacionales de Colombia, S.A., v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984); *Omeluk,* 52 F.3d at 270. Here, plaintiff does not allege, and it has not been shown, that this Court has general jurisdiction over the Nevada defendants who have filed motions to dismiss under Rule 12(b)(2); thus, only specific jurisdiction is at issue. *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995).

■ As the Ninth Circuit has held, the test for specific jurisdiction has three parts:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Dole Food Co., Inc.,* 303 F.3d at 1111 (citations omitted); *Rio Props. Inc., v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir.2002). Under the first part, "a defen-

dant purposefully avails himself of the privilege of conducting activities in California if he 'engages in conduct aimed at, and having effect in, the . . . state.'" *Lee*, 250 F.3d at 692 (quoting *Ziegler*, 64 F.3d at 474). "Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations omitted). Under the second part, "the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). This requirement is measured in terms of "but for" causation; that is, the plaintiff "must show that [he] would not have suffered an injury 'but for' [defendants'] forum[-]related conduct." *Myers*, 238 F.3d at 1075; *Bancroft & Masters, Inc.*, 223 F.3d at 1088. Finally, under the third part:

> seven factors are considered: (1) the extent of a defendant's purposeful injection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Rio Props., Inc.*, 284 F.3d at 1021; *Dole Food Co., Inc.*, 303 F.3d at 1114. Applying the foregoing test, the plaintiff has not shown personal jurisdiction over defendants Arlene Schreiber, Robert Schreiber, Stanley J. Steiber, Dr. Jerry Howle, Judge David R. Gamble, Judge Michael Gibbons, and Otto Lynn.

### A. Defendants Arlene Schreiber and Robert Schreiber:

■ Defendant Arlene Schreiber ("A.Schreiber") is the mother of defendant Lynn Hatley, plaintiff's ex-wife. Declaration of Arlene Schreiber ("A. Schreiber Decl."), ¶ 1. She is retired and has lived in Nevada for 26 years, owns no real estate or business interests in California, and derives no income from California. A. Schreiber Decl., ¶ 2. Defendant Robert Schreiber ("R.Schreiber") is defendant Arlene Schreiber's husband. Declaration of Robert Schreiber ("R. Schreiber Decl."), ¶¶ 1–2. He is retired and has lived in Nevada for nine years. *Id.* Defendant R. Schreiber owns a single family residence in South San Francisco, but owns no other property or business interests in California. R. Schreiber Decl., ¶ 2.

■ Plaintiff alleges in his complaint that defendants A. Schreiber and R. Schreiber are the parents of defendant Hatley, they reside in Douglas County, Nevada, and they have conspired with defendant Hartley "in her scheme to deny visitation and custody rights to the plaintiff[;]" however, plaintiff makes no other allegations against defendants A. Schreiber and R. Schreiber. These conclusory conspiracy allegations are insufficient to establish that this Court can exercise personal jurisdiction over defendants A. Schreiber and R. Schreiber. *Underwager v. Channel 9 Australia*, 69 F.3d 361, 364 (9th Cir.1995); *see also Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir.) ("The cases are unanimous that a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough" to establish personal jurisdiction over defendant.), *cert. denied*, 506 U.S. 1034, 113 S.Ct. 814, 121

L.Ed.2d 686 (1992).[19]

## B. Defendant Stanley J. Steiber:

■ Defendant Stanley J. Steiber is an attorney licensed to practice law in Nevada, and whose only office is located in Reno, Nevada. Declaration of Stanley J. Steiber ("Steiber Decl."), ¶¶ 2–3. Defendant Steiber has never applied for admission to the California bar, nor has he ever worked, resided or maintained an office in California, owned property in California or been involved in a lawsuit (other than this one) in a California court. Steiber Decl., ¶¶ 2–4.

From approximately September 23, 1999, through June 20, 2000, defendant Steiber represented plaintiff in a child visitation dispute with defendant Hatley, which was litigated in Nevada. Steiber Decl., ¶ 5. Defendant Steiber also briefly represented plaintiff in a criminal child custody matter filed in Nevada by the Douglas County District Attorney's Office. *Id.* Defendant Steiber attended a total of two hearings on plaintiff's behalf, both in Nevada, and never traveled to California to represent plaintiff. *Id.*

■ "Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative actions to promote business within the forum state." *Sher v. Johnson,* 911 F.2d 1357, 1363 (9th Cir.1990); *see also Trinity Indus., Inc. v. Myers & Assoc., Ltd.,* 41 F.3d 229, 230 (5th Cir.) ("The bare existence of an attorney-client relationship is not sufficient" to establish the requisite minimum contacts necessary for personal jurisdiction), *cert. denied,* 516 U.S. 807, 116 S.Ct. 52, 133 L.Ed.2d 17 (1995); *Sawtelle v. Farrell,* 70 F.3d 1381, 1392 (1st Cir. 1995) ("The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required."); *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 226–27 (8th Cir.1987) (law firm did not purposefully avail itself of the benefits and protections of South Dakota law when its "only 'substantial connection' with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota."). Here, plaintiff makes only the ubiquitous and insufficient conspiracy allegations against defendant Steiber. Complaint, ¶¶ 4, 19–20. As such, plaintiff has failed to demonstrate this Court can exercise personal jurisdiction over defendant Stanley J. Steiber.

## C. Dr. Jerry Howle:

■ Defendant Dr. Jerry Howle is a physician licensed by the State of Nevada. Complaint, ¶ 5; [20] Declaration of Jerry A. Howle, M.D., ("Howle Decl."), ¶ 1. Plaintiff, claiming his son Christopher was physically ill and he should, for this rea-

---

19. "Although reasonableness is considered as a separate factor in determining the existence of personal jurisdiction, a defendant need only prove the unreasonableness of a court's exercise of personal jurisdiction if it is shown that the defendant's activities were purposefully directed at the forum state[,]" therefore, there is no need to discuss reasonableness in relation to defendants A. Schreiber and R. Schreiber. *Doe,* 112 F.3d at 1052 (citations omitted).

20. In his complaint, plaintiff alleges Dr. Howle is "a medical doctor who resides in Reno, Nevada[,]" who conspired in some manner to deny plaintiff's visitation and custody rights, Complaint, ¶¶ 5, 19–20, 33, 35, 37; however, plaintiff makes no other allegations regarding Dr. Howle.

son, have custody of him, hired defendant Dr. Howle to evaluate Christopher for a Nevada court proceeding. Howle Decl., ¶¶ 2, 4. Dr. Howle examined Christopher in Reno, Nevada, and concluded Christopher was healthy. Howle Decl., ¶¶ 2–3. Dr. Howle had no further contact with plaintiff. Howle Decl., ¶ 3.

■■■ To determine personal jurisdiction "[i]n the case of personal service[,] focus must be on the place where the services are rendered, since this is the place of the receiver's ... need." *Wright v. Yackley*, 459 F.2d 287, 289 (9th Cir.1972). Here, defendant Dr. Howle provided medical services on behalf of plaintiff in Nevada. Under these circumstances, plaintiff has clearly failed to establish this Court can exercise personal jurisdiction over defendant Dr. Jerry Howle.

### D. Defendants Judge David Gamble and Judge Michael Gibbons:

Defendants Judge David Gamble and Judge Michael Gibbons are judges for the State of Nevada, County of Douglas. Declaration of David Gamble ("Gamble Decl."), ¶ 1; Declaration of Michael Gibbons, ¶ 1. Neither defendant owns property in California nor does any business in California. Gamble Decl., ¶ 2, Gibbons Decl., ¶ 2. To the contrary, as alleged in the complaint, any acts or omissions by defendants Judge Gamble and Judge Gibbons occurred in Minden, Nevada, which is in Douglas County, Nevada. Gamble Decl., ¶ 4; Gibbons Decl., ¶ 4.

■■■ Once again plaintiff insufficiently alleges defendants "conspired to deny visitation and custody rights" to him. Complaint, ¶¶ 9, 20, 33, 35, 37. However, plaintiff also alleges defendant Judge Gamble dismissed a warrant against plaintiff on August 11, 1998, and issued "an order for supervised visitation of the minor child by plaintiff." Complaint, ¶¶ 28–29. Issuance

of an order by a Nevada judge to a party who appeared before the judge is not sufficient to create personal jurisdiction in this Court over the judge—defendant Judge Gamble. *See Schroll v. Plunkett*, 760 F.Supp. 1385, 1388–89 (D.Or.1991) (Minnesota state court judge did not purposefully avail himself of benefits and protections of Oregon law when he issued an order in Minnesota "directed only to parties who voluntarily submitted to jurisdiction of the Minnesota courts" even if such order had an effect in Oregon), *affirmed by, Schroll v. Plunkett*, 932 F.2d 973, 1991 WL 73739 (9th Cir.1991) (Table); *Fuller v. Harding*, 699 F.Supp. 64, 68–69 (E.D.Pa.1988) (In civil rights action brought by parent residing in Pennsylvania, Pennsylvania district court lacked personal jurisdiction over Utah state court judge who had issued orders affecting parent's custody of minor child and allegedly interfered in the custody dispute), *affirmed by, Fuller v. Harding*, 875 F.2d 310 (3d Cir.1989) (Table). Therefore, the plaintiff has failed to demonstrate that this Court has personal jurisdiction over defendants Judge David Gamble and Judge Michael Gibbons.

### E. Defendant Otto Lynn:

Defendant Otto Lynn is a resident of Carson City, Nevada, and is an investigator for the State of Nevada Child Protective Services. Declaration of Otto Lynn ("Lynn Decl."), ¶¶ 1, 5. Defendant Lynn owns no property in California and does "absolutely no business" in California. Lynn Decl., ¶ 2. To the contrary, defendant Lynn's acts or omissions relating to plaintiff, if any, occurred in Carson City or Minden, Nevada. Lynn Decl., ¶ 4. Here, plaintiff, once again, insufficiently alleges defendant Lynn in some manner "conspired to deny visitation and custody rights" to him. Complaint, ¶¶ 10, 20, 33, 35, 37. These allegations are manifestly

insufficient to establish personal jurisdiction over defendant Otto Lynn.[21]

## IV

 " 'A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim....' " *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir.1988) (quoting *Wong v. Bell,* 642 F.2d 359, 361–62 (9th Cir.1981)); *see also Franklin v. Murphy,* 745 F.2d 1221, 1227 n. 6 (9th Cir.1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed sua sponte before service of process." (citations omitted)). This rule is no different even though certain defendants have answered the complaint. *Christie v. Iopa,* 176 F.3d 1231, 1234 (9th Cir.), *cert. denied,* 528 U.S. 928, 120 S.Ct. 324, 145 L.Ed.2d 253 (1999); *Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211–12 (7th Cir.1982) (affirming district court's order sua sponte granting judgment on pleadings); *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir.1980) ("[F]or a court to grant judgment on the pleadings, sua sponte, is not error. The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action.").

A complaint should be dismissed when it is clear the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). In considering dismissal, the court must accept the allegations of the complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232; *Lee,* 250 F.3d at 677, and the court must construe the pleading in the light most favorable to the party opposing dismissal and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

Here, plaintiff's complaint has several major, serious deficiencies that preclude it from setting forth any claim on which relief can be granted. The Court will briefly discuss several of these deficiencies; however, there are yet other problems with the complaint the Court need not address at this time.

### A. Jurisdiction:

 Plaintiff alleges jurisdiction over his civil rights complaint under "Bivens" and diversity of citizenship under 28 U.S.C. § 1332(a)(1) "based on residency of some of the defendants in the State of Nevada." Complaint at 2:5–8. However, a Bivens complaint cannot be brought against state or municipal officials; rather, it can only be brought against federal defendants. *Martinez v. City of Los Angeles,* 141 F.3d 1373, 1382–83 (9th Cir.1998). Moreover, a complaint based on diversity of citizenship only exists if there is complete diversity of citizenship; "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. &*

---

21. Because this Court dismisses the complaint against defendant Lynn for lack of personal jurisdiction, it does not address his Eleventh Amendment defense.

*Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (emphasis in original); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996); *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001). Here, plaintiff alleges he is a resident of Los Angeles County, California, Complaint, ¶ 1; yet, he has named numerous other California residents as defendants, *see e.g.,* Complaint, ¶¶ 12–18; therefore, diversity jurisdiction is inapplicable. *Caterpillar, Inc.,* 519 U.S. at 68, 117 S.Ct. at 472; *Owen Equip. & Erection Co.,* 437 U.S. at 373, 98 S.Ct. at 2402; *Morris,* 236 F.3d at 1067.

### B. Rules 10 and 11:

The complaint also fails to comply with Rule 10(a), which requires each defendant to be named in the caption and body of the complaint. Here, for instance, defendants Jim Eneral and Steven Shaw are named in the caption, but not the body, of the complaint.[22] Finally, plaintiff also has failed to sign his complaint, as required by Rule 11(a).

### C. Judicial Immunity:

■■■■ Judges are absolutely immune from suits for money damages for acts performed in their official capacities. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (per curiam); *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Moore v. Brewster,* 96 F.3d 1240, 1243–44

(9th Cir.1996), *cert. denied,* 519 U.S. 1118, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997). "[A]llegations of legal error do not deprive [a] Judge of judicial immunity[, which] applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore,* 96 F.3d at 1244 (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985)). Likewise, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288; *see also Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) (Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly...."); *In re Castillo,* 297 F.3d 940, 947 (9th Cir.2002) ("[A]bsolute immunity insulates judges from charges of erroneous acts or irregular actions, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" (citations omitted)).[23]

■■■■ Plaintiff has sued several California and Nevada judges, alleging they have violated his constitutional rights. Specifically, he alleges: (1) defendant Commissioner Curtis issued an order dissolving plaintiff's marriage to defendant Hatley and awarding joint custody of Christopher to plaintiff and defendant Hatley; (2) defendant Commissioner Dobbs denied plaintiff's request for a temporary restraining

---

**22.** Unfortunately, counsel for defendant Eneral failed to note this deficiency.

**23.** Rather, judicial immunity is overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11–12, 112 S.Ct. at 288 (citations omitted); *Duvall v. County of Kitsap,* 260 F.3d 1124,

1133 (9th Cir.2001). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11–12, 112 S.Ct. at 288 (citations omitted); *Harvey v. Waldron,* 210 F.3d 1008, 1012 (9th Cir.2000). Jurisdiction is broadly construed where the issue is judicial immunity. *Crooks v. Maynard,* 913 F.2d 699, 701 (9th Cir.1990).

order in violation of California law; (3) defendant Judge Gamble dismissed a warrant for plaintiff's arrest for lack of jurisdiction; (4) defendant Judge Gamble issued "an order for supervised visitation," which violated Nevada law;[24] and (5) Superior Court Judge Gold issued several orders regarding child support and custody. Complaint, ¶¶ 8, 18, 20, 22–27, Exh. A. The alleged actions by these judicial defendants are all part of the normal judicial functions; therefore, these defendants are entitled to absolute judicial immunity in this action.[25]

### D. Conspiracy:

■ "To state a claim for a conspiracy to violate one's constitutional rights . . ., the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam); *Buckey v. County of Los Angeles*, 968 F.2d 791, 793 (9th Cir.), *cert. denied*, 506 U.S. 999, 113 S.Ct. 599, 600, 121 L.Ed.2d 536 (1992). Vague and conclusory conspiracy allegations, which fail to make specific factual allegations regarding the participation of each defendant in the alleged conspiracy, are subject to dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992); *Buckey*, 968 F.2d at 793; *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir.1991), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1479, 117 L.Ed.2d 622 (1992).

■ Here, plaintiff has alleged that some forty defendants have "aided and abetted" his former wife and "conspired" to deny him custody of, and visitation with,

his son. However, plaintiff has failed to specifically allege what each named defendant did and how he or she was responsible for violating plaintiff's constitutional rights. Indeed, for the majority of the named defendants—defendants Bachman, Salucci, Doyle, Abrams, Calhoun, Wilder, Eneral, Kant, Shaw, Turbidy, Konz, Dees, Modispatcher, Ruch, Saling, Levitt & Quinn, Cooley, Garcetti, Doss, Burnetti, Chilstrom, Pettigrew, Bozanich, Watson, Geltz, Holden, Toque, Stoll, Black, and Lee—plaintiff makes no specific factual allegations whatsoever! Therefore, plaintiff's complaint must be dismissed without prejudice as to these defendants.

### V

Although the Court has concluded that plaintiff's complaint must be dismissed as to every named defendant, it appears to the Court that this action may not have been brought to redress any legitimate legal grievance, but rather as a means of revenge against individuals plaintiff considers to have "wronged" him in his apparently long-running custody battle with his ex-wife, Lynn Hatley. Otherwise, why, for instance, would plaintiff have sued a Nevada court clerk and court reporter? For this reason, if plaintiff chooses to file an amended complaint, he would do well to consider Federal Rule of Civil Procedure 11, which requires that every pleader certify that the complaint or other pleading:

(1) . . . is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless

---

**24.** Although this Court has determined it lacks personal jurisdiction over defendant Judge Gamble, it may still, alternately, dismiss plaintiff's complaint on absolute judicial immunity grounds. *Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1234–35 & n. 5 (9th Cir.1990), *cert. denied*, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991).

**25.** This Court cannot address whether defendant Judges Gibbons, Stoll, Black and Lee are entitled to absolute judicial immunity because plaintiff has made no specific allegations against these defendants other than alleging they are, in fact, judges. Complaint, ¶¶ 8, 18.

increase in the cost of litigation; [and] (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....

Fed.R.Civ.P. 11(b)(1)-(2); *see also Lewin v. Cooke,* 95 F.Supp.2d 513, 527 (E.D.Va. 2000) (sanctioning plaintiff under Fed. R.Civ.P. 11 for filing claims "indicative of an improper purpose to harass defendants and further plaintiff's ongoing quest for revenge"), *affirmed by, Lewin v. Cooke,* 28 Fed. Appx. 186 (4th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 90, 154 L.Ed.2d 137 (2002).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order:

(1) Approving and adopting this First Report and Recommendation;

(2) DISMISSING for lack of personal jurisdiction defendants Arlene Schreiber, Robert Schreiber, Stanley J. Steiber, Dr. Jerry Howle, Judge David Gamble, Judge Michael Gibbons, and Otto Lynn;

(3) DISMISSING WITH PREJUDICE, based on judicial immunity, defendants Commissioner Richard Curtis, Commissioner Ann Dobbs, Judge David Gamble and Judge FNU Gold;

(4) DISMISSING WITH PREJUDICE plaintiff's requests for preliminary injunctive relief;

(5) DISMISSING WITH LEAVE TO AMEND the complaint against the remaining defendants, and affording plaintiff, if he so chooses, thirty (30) days in which to file a First Amended Complaint that cures all of the defects discussed herein, is complete in itself without reference to the original complaint, and which

pleads no new causes of action and adds no new defendants. Failure to timely file a First Amended Complaint may result in dismissal of this action for failure to diligently prosecute.

No. 19, 2002