96 F.3d 1240
 96 Cal. Daily Op. Serv. 7080, 96 Daily Journal
D.A.R. 11,624
Lawrence MOORE, Plaintiff-Appellant,
v.
Rudi M. BREWSTER; Kathy Lowe; Don Hendrix; Lewis Levy;
Levy, Goldman & Levy, Inc.; Steven Sayler;
Hillyer & Irwin, Inc., Defendants-Appellees.
 Nos. 94-56334, 94-56429.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 9, 1996.*
Decided Sept. 23, 1996.
 
 Lawrence Moore, San Diego, CA, in pro. per.
 Thomas C. Stahl, Assistant United States Attorney, San Diego, CA; Melissa Cook, Strauss, Kissane & Cook, San Diego, CA; Norman R. Allenby, Hillyer & Irwin, San Diego, CA, for defendants-appellees.
 Appeals from the United States District Court for the Southern District of California, John S. Rhoades, District Judge, Presiding. D.C. No. CV-94-00002-JSR.
 Before: FLETCHER and TASHIMA, Circuit Judges, and RESTANI,** Judge, United States Court of International Trade.
 FLETCHER, Circuit Judge:
 
 
 1
 Lawrence Moore appeals pro se the dismissal under Rule 12(b)(6) of his claims against United States District Judge Rudi M. Brewster, his law clerk Kathy Lowe, the clerk of court Don Hendrix, and the dismissal on summary judgment of his claims against attorneys Lewis Levy and Steven Sayler and their respective law firms, Levy, Goldman & Levy, Inc., and Hillyer & Irwin, Inc. Moore alleged that the defendants illegally conspired to deprive him of the proceeds of a judgment in his favor in a separate action. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Moore, an electrician, once worked for Fischbach & Moore, Inc. ("Fischbach"), a defense contractor, where he was represented by Local 569 of the International Brotherhood of Electrical Workers ("Local 569").
 
 
 3
 In 1985, Moore brought an action in federal court against Local 569. Judge Brewster presided over the trial, and the jury found for Moore, awarding him over $66,000 in damages. Local 569 appealed and posted a supersedeas bond of $70,000 to stay the execution of Moore's judgment. In 1993, the Ninth Circuit affirmed the judgment for Moore. Moore v. Local Union 569 of the IBEW, 989 F.2d 1534, 1544-46 (9th Cir.1993), cert. denied, 510 U.S. 1117, 114 S.Ct. 1066, 127 L.Ed.2d 385 (1994) ("Moore I "). During trial and on appeal, Local 569 was represented by Lewis Levy, an attorney with the firm of Levy, Goldman & Levy ("LG & L").
 
 
 4
 In 1987, Moore brought a separate, ultimately unsuccessful, action against Fischbach. Judge Brewster approved an arbitration award for Fischbach of over $244,000 in fees under the fee-shifting provision in the collective bargaining agreement. Moore appealed this award. In 1995, the Ninth Circuit reversed, holding that the fee-shifting provision violated the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(4). Moore v. Local 569 of the IBEW, 53 F.3d 1054 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 908, 133 L.Ed.2d 840 (1996) ("Moore II "). Fischbach was represented by Steven C. Sayler, an attorney with the firm of Hillyer & Irwin ("H & I").
 
 
 5
 Shortly after the Ninth Circuit affirmed the $66,000 judgment for Moore against Local 569, Moore moved for a release of the proceeds of the $70,000 bond posted by Local 569. Several of Moore's judgment creditors filed claims against the bond. In a bond disposition hearing Judge Brewster distributed over $45,000 to Fischbach to satisfy its fee awards and granted an offset of over $14,000 to Local 569 for reporter transcript costs taxed to Moore as a losing appellant. During the proceedings regarding the bond, Levy represented Local 569 and Sayler represented Fischbach. In 1995, the Ninth Circuit affirmed in part and reversed in part, holding that Judge Brewster had jurisdiction over the distribution of the bond proceeds, and that the offset for Local 569 was proper, but that the distribution to Fischbach was improper in light of the Ninth Circuit's ruling that the fee award to Fischbach violated the LMRDA. Moore v. Local 569 of the IBEW, No. 94-55120, 1995 WL 268650 (9th Cir. May 8, 1995) (citing Moore II, 53 F.3d 1054) ("Moore III ").
 
 
 6
 In January 1994, Moore filed this action against Judge Brewster, Kathy Lowe (his law clerk), Don Hendrix (Clerk of the United States District Court for the Southern District of California), Levy, LG & L, Sayler, and H & I. Moore alleged that the conduct of the defendants with regard to the $70,000 bond constituted a Due Process violation, civil conspiracy, fraud, and intentional infliction of emotional distress. The court granted summary judgment for the private attorney defendants and dismissed under Rule 12(b)(6) the claims against Judge Brewster and the court personnel defendants.
 
 
 7
 On August 25, 1994, Moore appealed these dismissals (Appeal No. 94-56334). On August 29, 1994, Moore filed a motion for leave to amend his complaint. On September 16, 1994, the district court denied Moore's motion. Moore appealed this latter decision (Appeal No. 94-56429). On July 31, 1996 Moore filed a motion requesting that this court take judicial notice of two orders and a letter concerning distribution of related funds.
 
 II
 
 8
 The district court dismissed the claims against Judge Brewster, Lowe, and Hendrix on the ground of judicial immunity. Dismissal based on judicial immunity is reviewed de novo, Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990) (citing Brewer v. Blackwell, 692 F.2d 387, 390 (5th Cir.1982)).
 
 
 9
 Judge Brewster enjoys absolute judicial immunity from Moore's action. A judge is generally immune from a civil action for damages. Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Mullis v. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Cf. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984) (state officials enjoy judicial or quasi-judicial immunity from damages only).
 
 
 10
 Moore's allegations of legal error do not deprive Judge Brewster of judicial immunity. This immunity applies " 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.), cert. denied, 488 U.S. 995, 109 S.Ct. 561, 102 L.Ed.2d 587 (1988).
 
 
 11
 Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges...." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). Even if, as Moore alleges, Judge Brewster conspired with Sayler to act as an advocate for Fischbach, and interfered with the release of the bond proceeds for the benefit of Fischbach, judicial immunity would bar Moore's action against Judge Brewster.
 
 
 12
 While the doctrine of judicial immunity knows two limits, neither applies to Judge Brewster. First, a judge "will be subject to liability ... when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (quoting Bradley, 80 U.S. (13 Wall.) at 351). Judge Brewster, however, was acting well within his jurisdiction, as the Ninth Circuit explained in another of Moore's appeals:
 
 
 13
 In the instant case the contested orders were made well after the issuance of the [Ninth Circuit's] mandate. Moreover, the order regarding Local 569's entitlement to an offset was made pursuant to the district court's authority to tax costs, and the orders regarding [Moore's judgment creditors] were made pursuant to Fischbach's writ of execution and the [other] creditors filing of valid liens. The district court had jurisdiction to make those orders in this case.
 
 
 14
 Moore III, No. 94-55120, 1995 WL 268650 at * 1. Second, only judicial acts are protected. Stump, 435 U.S. at 360, 98 S.Ct. at 1106. Judge Brewster's distribution of the $70,000 bond to Moore's creditors following a hearing is a function normally performed by a judge. Moreover, the parties believed they were dealing with Judge Brewster in his judicial capacity. Indeed, Moore's complaint repeatedly refers to Judge Brewster as having acted "under color of law" and as an "officer of the court."
 
 
 15
 Hendrix, while acting as Clerk of the United States District Court for the Southern District of California, in many of his actions performed quasi-judicial functions as to which he was entitled to absolute immunity. Mullis, 828 F.2d at 1390; Sharma v. Stevas, 790 F.2d 1486 (9th Cir.1986); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir.1979), cert. denied, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980). Even if, as Moore alleges, Hendrix deceived Moore regarding the status of the bond and improperly conducted hearings to assess costs, all in coordination with Judge Brewster, such acts would fall within Hendrix's quasi-judicial duties and are thus protected by absolute immunity.
 
 
 16
 Lowe, while acting as law clerk for Judge Brewster, enjoyed absolute judicial immunity. In determining this, we follow the reasoning adopted by the Second Circuit in Oliva v. Heller, 839 F.2d 37 (2nd Cir.1988). The concern for the integrity of the judicial process that underlies the absolute immunity of judges is reflected in the extension of absolute immunity to "certain others who perform functions closely associated with the judicial process." Id. at 39 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985)). Under this functional approach, immunity flows from the nature of the responsibilities of the individual official. Id. Because a law clerk is "probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function," we find that Lowe, who was clearly assisting the judge in carrying out judicial functions, is covered by the doctrine of absolute immunity. See also Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.1991) ("[I]t is plain from the reasoning underlying our prior decisions that the judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity.").
 
 III
 
 17
 The district court granted summary judgment for Levy and LG & L on the ground of issue preclusion. The availability of a defense based on issue preclusion is reviewed de novo, Pardo v. Olson & Sons, Inc., 40 F.3d 1063, 1066 (9th Cir.1994).
 
 
 18
 Issue preclusion bars Moore's action against Levy and LG & L. The doctrine of issue preclusion "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (quoting Segal v. AT & T, Inc., 606 F.2d 842, 845 (9th Cir.1979)). The defense of issue preclusion may be pled against a party to a prior judgment by a stranger to such judgment. Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1383-84 & n. 2 (9th Cir.1978). Moore alleges that Levy and LG & L, while acting as counsel for Local 569, wrongfully obtained a $14,000 offset against the $70,000 bond posted by Local 569. However, the propriety of this offset has been litigated and decided; in May 1995, the Ninth Circuit held that Judge Brewster did not abuse his discretion when he granted this offset. Moore III, 1995 WL 268650 at * 2.
 
 IV
 
 19
 The district court granted summary judgment for Sayler and H & I on Moore's claims for civil conspiracy, fraud, and emotional distress. Summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).
 
 
 20
 Moore failed to produce sufficient evidence to survive summary judgment on his civil conspiracy claim. The indispensable elements of civil conspiracy include a wrongful act and knowledge on the part of the alleged conspirators of [the conspiracy's] unlawful objective. Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 47 Cal.Rptr.2d 752, 757-58 (1995); Schick v. Bach, 193 Cal.App.3d 1321, 238 Cal.Rptr. 902, 906 (1987). Yet Moore produced no evidence of either a wrongful act or wrongful intent. Indeed, Moore's complaint alleges only that Sayler moved for the distribution of a portion of the $70,000 bond to Fischbach, served Moore with notices of liens, communicated with court personnel, and appeared before Judge Brewster regarding the bond, all of which were proper actions to realize on Fischbach's judgment against Moore.
 
 
 21
 Moore failed to produce sufficient evidence to survive summary judgment on his fraud claim as well. The indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages. Bank of the West v. Valley Nat'l Bank of Arizona, 41 F.3d 471, 477 (9th Cir.1994) (quoting Hackethal v. National Cas. Co., 189 Cal.App.3d 1102, 234 Cal.Rptr. 853, 857 (1987)). However, Moore failed to allege, let alone produce evidence of, a single example of misrepresentation by Sayler. Nor did Moore allege scienter, intent to defraud, or reliance by Moore on anything Sayler did or said.
 
 
 22
 Moore also failed to plead fraud with adequate particularity. See Fed.R.Civ.P. 9(b) ("In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity."). See also In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc) (requiring that plaintiff include statements regarding the time, place, and nature of the alleged fraudulent activities). Moore failed to identify any specific statements or actions by Sayler, let alone explain in what way such statements or actions were fraudulent.
 
 
 23
 Finally, Moore's action for intentional infliction of emotional distress is barred by California Civil Code § 47(b)(2), which privileges communications made during judicial proceedings. California's litigation privilege protects communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 266 Cal.Rptr. 638, 642, 786 P.2d 365 (1990). California courts have specifically applied this litigation privilege in actions alleging intentional infliction of emotional distress. Ribas v. Clark, 38 Cal.3d 355, 212 Cal.Rptr. 143, 696 P.2d 637 (1985). Moore alleged that Sayler and the court improperly communicated about Fischbach's interest in the bond, that the defendants agreed to illegally deprive Moore of the bond's protections, and that the defendants fraudulently misled him. All of these alleged communications were made by litigants during the course of judicial proceedings, and all had a logical relation to the object of litigation, i.e., the bond, and therefore fall within the scope of § 47(b)(2).
 
 V
 
 24
 Moore filed his motion to amend on August 29, 1994, four days after he filed his notice of appeal. By filing the notice of appeal, Moore divested the district court of its jurisdiction over the matter. Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982). Accordingly, we remand with instructions to vacate the denial of Moore's motion to amend and to dismiss the motion for lack of jurisdiction. See id.
 
 VI
 
 25
 Pursuant to Moore's request, we take judicial notice of supplemental documents concerning the disbursement of funds. We affirm the order of the district court dismissing Moore's claims against United States District Judge Rudi M. Brewster, Kathy Lowe and Don Hendrix on the ground of judicial immunity, the order granting summary judgment for Levy and LG & L on the ground of issue preclusion, and the order granting summary judgment for Sayler and H & I on the ground that the record contained no substantial evidence to support the claims. The court exercises its discretion not to award attorneys fees on appeal to Levy and LG & L.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation