107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles OKOREN; Charles Dare Schaut, Plaintiffs-Appellants,
v.
Fife SYMINGTON; United States House of Representatives;
United States Senate; United States Supreme
Court; Grant Woods, Defendants-Appellees.
 No. 96-15981.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 29, 1997.
 
 Before: O'SCANNLAIN, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Okoren and Charles Schaut appeal pro se the district court's dismissal of their action under 42 U.S.C. § 1983 against Arizona Governor Symington, other state officials, the United States Supreme Court, and other federal officials, seeking declaratory relief and an injunction barring a criminal indictment against Okoren and Schaut. We affirm for the reasons stated by the district court in its Order filed April 29, 1996.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants' argument, raised for the first time on appeal, that the members of the United States Supreme Court are not entitled to absolute immunity is frivolous. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir.1996) (immunity of federal judicial officers extends to actions for declaratory and injunctive relief)
 
 
 [2]
 Appellee's motion for summary affirmance is denied as moot