133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence MOORE, Plaintiff-Appellant,
v.
Judith N. KEEP, Judge; Rudi M. Brewster; Roberta Westdal;
Daryl Chang; Steven Sayler; Hillyer & Irwin; Fischbach &
Moore; Matthew Kissane; MElissa Cook; Kissane & Cook;
San Diego Electrical Pension Trust; San Diego Electrical
Industry Training Electrical Industry Training Trust,
Defendants-Appellees.
 No. 97-55470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 20, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Moore appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action alleging that two district judges, the clerk of court, a law clerk, opposing parties and opposing parties' lawyers violated his due process rights in executing judgment liens against the proceeds of jury verdicts and bond monies posted in prior cases. Moore also appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6), see Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir.1987), and for an abuse of discretion the district court's denial of the motion for reconsideration, see School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).
 
 
 4
 The district court properly dismissed Moore's claims against the district judges and court personnel under the doctrine of absolute judicial immunity. See Mullis, 828 F.2d at 1388-90; see also Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir.1996), cert. denied, 117 S.Ct. 963 (1997).
 
 
 5
 The district court properly dismissed Moore's claims against the remaining defendants because Moore failed to sufficiently allege that these defendants acted under color of state law. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir.1996), cert. denied, 117 S.Ct. 950 (1997).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny appellant's December 11, 1997 request for an extension of time to file a statement of reasons why oral argument should be heard
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court did not err by denying Moore's motion for reconsideration. See School Dist. No. 1J, 5 F.3d at 1262. Moore does not appeal the district court's dismissal of his state law claims