**Harold A. JULIEN, Plaintiff–Appellant,**

v.

**COUNTY OF ALAMEDA; et al.,
Defendants–Appellees,**

and

**Gregory J. Rockwell, Defendant.**

**No. 01–17349.**
**D.C. No. CV–01–00245–MJJ.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Harold A. Julien appeals pro se the judgment dismissing his action, which alleged that a law firm conspired with a district court judge in a prior federal court action to deprive Julien of his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Rule 12(b)(6), *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly took judicial notice of orders in Julien's prior federal action. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988).

Julien's allegation that the defendant law firm and the district court judge engaged in improper ex parte communications was actually litigated and necessarily decided in a prior action. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Accordingly, the district court properly applied issue preclusion and dismissed Julien's claims brought pursuant to 42 U.S.C. §§ 1983 & 1985(2). *See id.*

The district court properly dismissed Julien's claim against the County of Alameda because "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988).

The district court properly dismissed the claims against Judge Legge because he is entitled to judicial immunity. *See Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996) (holding that even allegations of a conspiracy to predetermine the outcome of a judicial proceeding fails to pierce the immunity extended to judges).

Julien's remaining contentions lack merit.

We grant Julien's motion to file a corrected reply brief. The brief received on July 3, 2002, is ordered filed.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

