Christopher A. JONES, Plaintiff—
Appellant,

v.

Cameron P. VANDENBERG; et al., Defendants—Appellees.

No. 02–15657.

D.C. No. CV–01–00220–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Christopher Jones appeals pro se the district court's judgment, dismissing under 28 U.S.C. § 1915(e), his 42 U.S.C. § 1983 action alleging that he was entitled to entry of default pursuant to Federal Rule of Civil Procedure 55(a) against a defendant in another civil rights action. We have jurisdiction under to 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

The district court properly dismissed Jones' action against the United States District Court and court officials because these defendants are immune from liability. *See Moore v. Brewster,* 96 F.3d 1240,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1243–44 (9th Cir.1996) (holding that the judicial immunity available to federal officers extends to section 1983 actions for declaratory and injunctive relief).

The district court properly dismissed Jones' amended complaint against the remaining defendants because Jones' conclusory allegations were insufficient to show that he was denied access to court, due process or equal protection. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.