**Charles E. MCMANAMA, Plaintiff–Appellant,**

v.

**Helen J. FRYE; Ancel Haggerty, Defendants–Appellees.**

No. 01–35520.

D.C. No. CV–01–00628.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Charles McManama appeals pro se the district court's judgment dismissing, under

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

28 U.S.C. § 1915(e)(2)(B)(ii), his civil rights action alleging that two district court judges violated his due process rights by revoking his in forma pauperis status upon a finding that McManama had filed his two prior actions in bad faith. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.

The district court did not abuse its discretion in dismissing McManama's action because defendants are judicially immune. *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir.1996).

**AFFIRMED.**

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.