**Tsegai HAILE, Plaintiff—Appellant,**

v.

**Lawrence SAWYER; et al., Defendants—Appellees.**

No. 03–15828.

D.C. No. CV–02–05723–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

Tsegia Haile, Santa Rosa, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kay K. Yu, DAG, San Francisco, CA, for Defendants–Appellees.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Tsegai Haile appeals pro se the district court's judgment dismissing his action brought under 42 U.S.C. § 1983 and other statutes, alleging that five Sonoma County Superior Court judges, a court clerk and a court reporter violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal based on judicial immunity, *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996), and a dismissal for failure to state a claim, *Brunette v. Humane Soc'y*, 294 F.3d 1205, 1209 (9th Cir.2002). We affirm.

The district court properly dismissed Haile's claims against the judges because judges are entitled to absolute immunity for actions undertaken in their judicial capacity, and all of Haile's claims are based on the judges' rulings or courtroom conduct. *See Moore*, 96 F.3d at 1243–44; *see also Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

The district court properly dismissed Haile's claims against Bercut, the court clerk, because she is entitled to absolute quasi-judicial immunity for actions that are "an integral part of the judicial process," and Haile's claims are based on the clerk's filing of court papers. *Mullis v. U.S.*

*Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir.1987).

Haile's attempt to state a civil rights claim against Sanders, the court reporter, fails because his complaint lacks specific factual allegations showing Sanders participated in any alleged discriminatory practice. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir.1988).

Haile's remaining contentions lack merit.

**AFFIRMED.**