Brian SCHREINER, Plaintiff-Appellant,

v.

David HULBERT; et al., Defendants-Appellees.

No. 04–36053.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Schreiner, Lynnwood, WA, pro se.

Mark K. Yamashita, John R. Nicholson, Esq., Office of the Washington Attorney General, Linda B. Clapham, Esq., Lane Powell, P.C., Seattle, WA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM**

Brian Schreiner appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action alleging Snohomish County, Washington Judge David Hulbert, and his former wife's attorney, James McCanna, violated his constitutional rights during the course of Schreiner's marital dissolution proceedings in state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir.1996) (dismissal based on judicial immunity); *Lite–On Peripherals, Inc. v. Burlington Aire Express,*

*Inc.,* 255 F.3d 1189, 1192 (9th Cir.2001) (summary judgment). We affirm.

■ The district court properly dismissed Schreiner's claims against Judge Hulbert because a state judge is entitled to absolute immunity for judicial actions taken within his jurisdiction. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922–23 (9th Cir.2004).

■ The district court properly granted summary judgment on Schreiner's claims against McCanna because Schreiner failed to prove McCanna was a state actor. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiff cannot sue opposing counsel under section 1983, "because he is a lawyer in private practice who was not acting under color of state law" and "[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient") (internal citations omitted).

The district court properly concluded that it lacked subject matter jurisdiction over Schreiner's request for declaratory relief voiding the state court judgment as that would require an impermissible review of a final state court judgment. *See Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.