**Eugene A. STOCK, Plaintiff–Appellant,**

**v.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Stock's request for oral argument is denied.

**Jay F WISMAN, et ux, et al; et al., Defendants–Appellees.**

**No. 05–36076.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.\*

Filed Dec. 12, 2006.

Eugene A. Stock, Hemet, CA, pro se.

Kelly A. Ryan, Esq., for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Former attorney Eugene A. Stock appeals pro se from the district court's judg-

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ment dismissing his action alleging Washington State court defendants violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir.1988) (dismissals based on res judicata); *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir.1996) (dismissals based on immunity). We affirm.

The district court did not err in concluding that this action is barred by res judicata, because the majority of the claims were litigated in a prior action brought in Washington state court. *See Rains v. State,* 100 Wash.2d 660, 674 P.2d 165, 168 (1983) (en banc) (discussing Washington claim preclusion requirements).

To the extent Stock alleged new claims against defendants Wisman and the Snohomish County Cascade District Court employees, the district court properly concluded these defendants were entitled to judicial or quasi-judicial immunity. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922–23 (9th Cir.2004) (state court judges); *Castillo v. Castillo (In re Castillo),* 297 F.3d 940, 948 (9th Cir.2002) (nonjurists who perform functions closely associated with the judicial process). Moreover, suits against state court employees are barred by the Eleventh Amendment. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003).

Stock's remaining contentions lack merit.

**AFFIRMED.**