**William R. PATRICK, Plaintiff— Appellant,**

v.

**Richard K. MICKELSON, Judge, Defendant—Appellee.**

**No. 05–35910.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 19, 2007.

William R. Patrick, Gold Beach, OR, pro se.

Jonathan W. Diehl, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**580**

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

William Patrick appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging that Oregon Judge Richard Mickelson denied his constitutional rights in resolving Patrick's state-court trespass action against the Coos–Curry Electric Cooperative. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal based on judicial immunity, *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), and we affirm.

The district court properly dismissed Patrick's claims against Judge Mickelson because a state court judge is entitled to absolute immunity for actions undertaken in his judicial capacity, and all of Patrick's claims are based on the judge's rulings. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922–23 (9th Cir.2004); *see also Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]").

**AFFIRMED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.