**Barry CULBERT, Plaintiff–Appellant,**

v.

**Garrett OLNEY, Defendant–Appellee.**

No. 06–15360.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 25, 2007.

Barry Culbert, Reno, NV, pro se.

William Krabbenhoft, DAG, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM **

Barry Culbert appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that California State Judge Garrett Olney violated his constitutional rights through unreasonable search and seizure by issuing a bench warrant for Culbert's arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal based on judicial immunity, *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir.1996), and we affirm.

The district court properly dismissed Culbert's claims against Judge Olney because a state court judge is entitled to absolute immunity for actions undertaken in his judicial capacity. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922–23 (9th Cir.2004). The record indicates Judge Olney issued the bench warrant in his judicial capacity.

The district court did not err by taking judicial notice of Culbert's bench warrant because the bench warrant is a document in the public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001).

Accordingly, the judgment of the district court is **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.