**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD C. VICKERMAN, | No. 10-16364 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-00222-LRH-VPC |
| v. | |
| JAMES M. BIXLER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Richard C. Vickerman appeals pro se from the district court's judgment in

his action arising from an inspection of, and his eviction from, a rental unit

financed by the Secretary of the Department of Housing and Urban Development

("HUD").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178 (9th Cir. 2006) (summary judgment); *Clinton v. Babbitt*, 180 F.3d 1081, 1086 (9th Cir. 1999) (sovereign immunity); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity). We affirm.

The district court properly granted summary judgment on Vickerman's claims seeking relief under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights because Vickerman failed to provide any admissible evidence to rebut defendants' showing that private parties managed the apartment complex and conducted the inspection of Vickerman's rental unit. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (the ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government).

The district court properly granted summary judgment on Vickerman's claims brought under the Fair Housing Act because Vickerman failed to raise a genuine dispute of material fact as to whether defendants discriminated against him on the basis of his disability or denied him any reasonable requests for accommodation. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1146-47 (9th Cir. 2003).

The district court properly dismissed Vickerman's civil rights claims against HUD as barred by sovereign immunity. *See Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." (citation and internal quotation marks omitted)).

The district court properly dismissed Vickerman's claims against Las Vegas Township Justice of the Peace Bixler as barred by judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Vickerman's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Vickerman's pending motions are denied.

**AFFIRMED.**

10-16364