**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIA REIN; RICHARD BRYANT, | No. 14-35383 |
| Plaintiffs - Appellants, | D.C. No. 3:14-cv-05125-RBL |
| v. | |
| NORTHWEST MORTGAGE GROUP, INC., | MEMORANDUM[*] |
| Defendant, | |
| SAKAE SAMUEL SAKAI; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Julia Rein and Richard Bryant appeal pro se from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in their 42 U.S.C. § 1983 action alleging federal and state law violations arising out of their prior state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (summary judgment and determination of immunity). We affirm.

The district court properly granted summary judgment for defendants Washington Superior Court Judge Robert Lewis and his judicial assistant, Andrea DeShiell, because they are entitled to absolute judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986) (en banc) (explaining that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities" and allegations of a conspiracy to predetermine the outcome of a case does not pierce that immunity); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (court employees performing quasi-judicial functions are entitled to absolute immunity).

The district court properly dismissed the § 1983 claims against defendant attorney Sakae Samuel Sakai because plaintiffs failed to allege facts sufficient to show that Sakai is a state actor. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations are insufficient to

show that a private party is a state actor for purposes of § 1983).

Appellants' contentions that the district court improperly handled their proposed amended complaint and was biased against them are without merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

DeShiell's amended motion to supplement the record on appeal, filed on September 30, 2014, is granted.

Appellants' motion to dismiss, filed on December 3, 2014, is denied.

**AFFIRMED.**