NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBALL CRAIG,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JORGE ALEJENDRO VILLICANA; et al.,<br><br>　　　　　Defendants-Appellees. | No. 16-35444<br><br>D.C. No. 6:16-cv-00513-AA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted January 18, 2017**

Before:　　TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

　　　Kimball Craig appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that defendants violated his First and

Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal under Federal Rule of Civil Procedure

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Craig's § 1983 claims against defendants Villicana and Page because Craig failed to allege facts sufficient to establish that their actions were fairly attributable to the state. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (private party's sworn complaint that results in an arrest does not constitute state action); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts . . . does not make a party a co-conspirator or a joint actor with the judge.").

The district court properly dismissed Craig's claims against Donahue, an Oregon state judge, because Craig's allegations pertained to Judge Donahue's judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978) (judicial immunity barred challenge to an order issued after ex parte proceedings without notice to the affected party and without a hearing); *see also Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*.

We do not consider Craig's constitutional challenge to Oregon's Elderly Persons and Persons with Disabilities Abuse Prevention Act because Craig failed to present any argument in his opening brief. *See Padgett v. Wright*, 587 F.3d 983,

985 n.2 (9th Cir. 2009) ("This court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." (citation and internal quotation marks omitted)).

**AFFIRMED.**