NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON NICHOLAS NORDIN,

Plaintiff-Appellant,

v.

STUART JEREMIAH SCOTT; TRAVIS
HAYES WHITFIELD; MORRIS JAMES
BISTED, Jr.; DIANA MARY TORREY;
WARN FORD IVERSON,

Defendants-Appellees.

No. 22-15816

D.C. No. 3:21-cv-04717-JD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Jason Nicholas Nordin appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging constitutional claims

arising from the issuance of a domestic violence restraining order.  We have

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Dismissal of Nordin's claims against defendants Whitfield, Bisted, Torrey, and Iverson was proper because Nordin failed to allege facts sufficient to establish state action or a conspiracy. *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (setting forth tests used to evaluate whether a private actor has engaged in state action for purposes of § 1983); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (a § 1985(3) claim must be supported by "allege[d] evidence of a conspiracy"); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

Dismissal of Nordin's claims against defendant Judge Scott was proper because Judge Scott is entitled to judicial immunity. *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not."); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (a judge is generally immune from liability in a civil action for damages unless the claim pertains to a non-

judicial act or the judge has acted in the clear absence of all jurisdiction), *superseded by statute on other grounds.*

We reject as unsupported by the record Nordin's contention that he was denied due process by the district court.

Nordin's motion to file an oversized brief (Docket Entry No. 6) is granted. The Clerk will file the opening brief received at Docket Entry No. 4. Nordin's motion for appointment of counsel (Docket Entry No. 5) is denied.

**AFFIRMED.**