NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYDIA McCOY, | No. 21-35935 |
| Plaintiff-Appellant, | D.C. No. 6:21-cv-01580-MC |
| v. | |
| SC TIGER MANOR, LLC; BH MANAGEMENT SERVICES, LLC; JAMIE LANDRY; BRITTANY BARBERA; LUCAS ROGERS; IQ DATA INTERNATIONAL, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; JUSTIN WHITE; EQUIFAX INFORMATION SERVICES, LLC; MADISON TUCKER; DOES, 1 through 100 inclusive; JOHN DEGRAVELLES; SCOTT JOHNSON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 10, 2023**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Lydia McCoy appeals pro se from the district court's judgment dismissing her action alleging federal and state law claims arising out of disputes regarding a lease agreement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (dismissal on the basis of judicial immunity); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal on the basis of claim preclusion). We affirm.

The district court properly dismissed as barred by judicial immunity McCoy's claims against the federal judicial officers presiding over McCoy's prior federal action filed in the Middle District of Louisiana. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*.

The district court properly concluded that McCoy's claims against all other defendants were raised or could have been raised between the parties or their privies in McCoy's prior federal action filed in the Middle District of Louisiana. During the pendency of this appeal, the Middle District of Louisiana entered a final judgment dismissing this action in its entirety. *McCoy v. SC Tiger Manor, LLC, et*

*al.*, No. 19-723-JWD-SDJ (M.D. La. Oct. 11, 2022). Accordingly, McCoy's claims against the non-judicial defendants in this action are precluded. *See Stewart*, 297 F.3d at 956 (federal claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties" (citation and internal quotation marks omitted)); *see also Spoklie v. Montana*, 411 F.3d 1051, 1055-56 (9th Cir. 2005) (final judgment entered in a prior suit while an appeal is pending in a second suit can have preclusive effect in the second suit).

The district court did not abuse its discretion in dismissing without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard for review and explaining that leave to amend may be denied where amendment would be futile).

We reject as without merit McCoy's contentions of judicial bias.

McCoy's request for a refund of filing fees paid in the district court, set forth in the opening brief, is denied.

**AFFIRMED.**