NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN B. LOPEZ,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>ISMAIL RAMSEY; KESLIE ANNE STEWART; MAUREEN BESSETTE; Ms. SHINING HSU, Assistant U.S. Attorney; STEPHEN GEORGE CORRIGAN; VIVIAN FU-NING WANG; Ms. WENDY MARIE GARBERS Esquire, Attorney; JEFFREY S. WHITE, District Judge,<br><br>　　　　Defendants - Appellees. | No. 24-6946<br><br>D.C. No. 4:24-cv-01925-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted April 22, 2026[**]

Before:　　LEE, DESAI, and JOHNSTONE, Circuit Judges.

　　　Stephen B. Lopez appeals pro se from the district court's judgment

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action seeking to challenge his federal criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We affirm.

The district court properly dismissed Lopez's action because Lopez failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining that prosecutors are "absolutely immune from § 1983 actions when performing functions intimately associated with the judicial phase of the criminal process" (citation and internal quotation marks omitted)); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (explaining that federal judges are entitled to immunity for judicial acts taken within their jurisdiction), *superseded by statute on other grounds*.

All pending motions and requests are denied.

**AFFIRMED.**