NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYRUS SANAI, | No. 21-16487 |
| Plaintiff - Appellant, | D.C. No. 4:19-cv-08162-YGR |
| v. | |
| ALEX KOZINSKI; CATHY A. CATTERSON; JUDICIAL COUNCIL OF THE NINTH CIRCUIT; MOLLY C. DWYER; SIDNEY R. THOMAS; PROCTOR HUG, Jr.; M. MARGARET MCKEOWN; RONALD M. GOULD; JOHNNIE B. RAWLINSON; AUDREY B. COLLINS; IRMA E. GONZALEZ; ROGER L. HUNT; TERRY J. HATTER, Jr.; ROBERT H. WHALEY; JUDICIAL COUNCIL OF CALIFORNIA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Cyrus Sanai appeals from the district court's order granting the Defendant-Appellees' motion to dismiss and denying his motion for leave to amend, as well as the denial of several post-judgment motions, including multiple motions for recusal.

We have jurisdiction under 28 U.S.C § 1291. We review the district court's dismissal of the complaint de novo. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). "We review the denial of leave to amend for an abuse of discretion," and "we review the futility of amendment de novo." *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). We review the denial of a motion for recusal under 28 U.S.C. § 455(a) for abuse of discretion. *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013). We likewise review the denial of post-judgment relief for abuse of discretion. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). We affirm.

1. The district court did not err in dismissing Sanai's claims against the Ninth Circuit Judicial Council, current and former federal judges, and court staff in their official capacities based on sovereign immunity. In general, agencies and officers of the United States of America cannot be sued unless Congress has waived the sovereign immunity of the United States. *See Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). Sanai argues that sovereign immunity was waived, at least as to the Judicial Council, which he characterizes as a federal agency under the

Administrative Procedure Act ("APA"). But the APA expressly excludes "the courts of the United States" from its waiver of sovereign immunity. 5 U.S.C. § 701(b)(1)(B). Because the Judicial Council is an auxiliary of the Court of Appeals for the Ninth Circuit, it is not an "agency" as defined by the APA. *See In re Fidelity Mortg. Invs.*, 690 F.2d 35, 38–39 (2d Cir. 1982). And the *Larson-Dugan* exception to sovereign immunity for *ultra vires* actions does not apply as the Judicial Council and its members did not act "beyond their statutory powers" or in a way that violates the Constitution. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689–90 (1949); *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963).

2. The district court did not err in dismissing Sanai's claims against the current and former federal judges and court staff in their personal capacities based on absolute judicial immunity and quasi-judicial immunity. Judges typically retain absolute immunity from civil liability for judicial acts, including from suits seeking equitable, declaratory, and injunctive relief. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). Suing judges in their individual or personal capacities does not override absolute judicial immunity. *See Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 909, 914–16 (9th Cir. 2021). Judicial misconduct proceedings must be conducted by judges, so actions taken during these proceedings are appropriately considered judicial acts. 28 U.S.C. §§ 352–55; *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Sanai argues that issuing sanctions

against an attorney is an administrative action rather than a judicial one. But an administrative action is one that is "significant independent of the fact that the actor is a judge, such as the hiring or firing of staff members." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir. 1992). The Council's act of sanctioning an attorney was a direct function of its members' judicial roles flowing from their general authority to sanction. *Lasar*, 399 F.3d at 1114. Likewise, administrative actions performed by clerks of the court that are "part of [a] judicial function" are immune from suit under quasi-judicial immunity. *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002).

3. Recusal was not necessary in this case. Judges have discretion to determine whether recusal is proper, and there is no evidence that either district judge's "impartiality might reasonably be questioned" in this case. *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913, 916 (2004) (Scalia, J., respecting recusal) (quoting 28 U.S.C. § 455(a)). Nor did the district court abuse its discretion in denying Sanai's expansive request for judicial disclosure. Section 455's recusal requirement is enforced by the judge, not the parties. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). We presume a judge is unbiased, *Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010), and Sanai offers no compelling evidence that the denial of his overbroad request for discovery was an abuse of the judge's broad discretion, *see Cheney*, 541 U.S. at 916 (Scalia, J., respecting recusal) (The

judge's decision to recuse is made "in light of the facts as they exist[], and not as they were surmised or reported.").

4.    The district court did not err in denying Sanai leave to amend because any amendments would have been futile due to sovereign and judicial immunities. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).  For the same reason, we affirm the denial of Sanai's numerous post-judgment motions.

**AFFIRMED**.[1]

---

[1]  Appellant's motion for miscellaneous relief (Dkt. 91) is DENIED as moot. Appellant's motion to miscellaneous relief (Dkt. 96) is DENIED.