Peter Kent Lloyd LOFTHUS
and Family, Plaintiffs,

v.

LONG BEACH VETERANS HOSPITAL, Orange County Family Court, Saint Joseph's Catholic Hospital, and Orange Hoag Hospital Newport Beach, Defendants.

NO. SA CV 16–01482–VBF (AGR)

United States District Court,
C.D. California.

Signed October 11, 2016

Peter Kent Lloyd Lofthus, Long Beach, CA, Pro Se

ORDER Dismissing Complaint Without Prejudice;

Granting Plaintiff Leave to File A First Amended Complaint ("FAC") No Later Than Monday, November 28, 2016 and Warning that Action Will Be Dismissed With Prejudice if He Fails to File Timely Suitable FAC;

Directing Plaintiff Not to Assert Claims on Behalf of Other Persons

VALERIE BAKER FAIRBANK, Senior United States District Judge

## I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, Peter Kent Lloyd Lofthus ("plaintiff") filed a civil-rights complaint on August 10, 2016. As required by the Prison Litigation Reform Act of 1995, 110 Stat. 1321–71 as amended, 42 U.S.C. section 1997e *et seq.* ("PLRA"), the Court has screened the complaint to determine whether it fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007) ("Among other reforms, the PLRA mandates early judicial screening of prisoner complaints ....") (citing 28 U.S.C. section 1915A and 42 U.S.C. section 1997e(a)); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and *Olausen v. Murguia*, 2014 WL 6065622, *1 (D. Nev. Nov. 12, 2014) (Miranda Du, J.) ("There is no question that the PLRA requires courts to engage in pre-answer screening of an inmate's complaint.").

■ The Court's initial PLRA screening is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts pled under a cognizable legal theory.

*See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

■ A pro se complaint is to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), and this duty of liberal construction "is particularly important in civil rights cases'", *Sierra v. Grannis*, 2009 WL 160290, *1 (E.D. Cal. Jan. 21, 2009) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)), *recon. denied*, 2009 WL 1212788 (E.D. Cal. May 4, 2009), *aff'd*, 450 Fed.Appx. 680 (9th Cir. 2011).

■ Before dismissing a pro se civil-rights complaint *with* prejudice for failure to state a claim on which relief could be granted, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

■ Even pro se plaintiffs, however, are not constitutionally or otherwise entitled to *multiple* opportunities to amend their pleadings. *See Salazar v. McGillicuddy Works, LLC*, 2013 WL 209210, *2 (S.D. Ga. Jan. 17, 2013) ("Courts are not required to give plaintiffs endless opportunities to amend, however.") (citing unpublished

2006 Eleventh Circuit decision holding that district court did not abuse its discretion in dismissing pro se plaintiff's first amended complaint with prejudice and was not required to allow him to file a second amended complaint); *cf., e.g., Barnhart v. Nationstar Mortgage, LLC*, 2016 WL 424699, *3 (W.D. Mich. Feb. 4, 2016) (Janet Neff, J.) ("Given the deficiencies of Plaintiff's current claims and the amorphous nature of his request to file an amended complaint, the Court determines that granting leave to amend would be futile and cause undue prejudice to Defendant and therefore is not a course in the interests of justice."), *appeal filed*, No. 16–1244 (6th Cir. Feb. 29, 2016).

## II. ALLEGATIONS IN COMPLAINT

Plaintiff purports to sue on behalf of himself and his family, apparently including his wife. (Compl. at 1.) The complaint contains disjointed factual allegations and requests "psychological remedy for wife, unification of family and financial retirement unobstructed." (*Id.* at 8.)

The complaint names four defendants: (1) Long Beach Veterans Hospital; (2) Orange County Family Court; (3) St. Joseph's Catholic Hospital; and (4) Hoag Hospital in Newport Beach. (*Id.* at 1–2.)

Plaintiff complains of a "§ 5150" that constituted false imprisonment in violation of Cal. Penal Code §§ 236–37 and "trafficking" in violation of "section 7102(8) of Title 22 of U.S. Code." (*Id.* at 4–5.) The complaint does not disclose who was allegedly the subject of a § 5150 hold.

Plaintiff complains that the Orange County Family Court authorized major surgery for his son, who is younger than 2 years old, and "then taking custody from father domicile L.A. since birth, false arrests, imprisonment hospital or jail drugs or none, haunting letters threats [sic] from O.C. Family Court et al. who refused pro

se representation [and] also did not appreciate [that] our son was circumcised, O.C.F.C." (Id.X at 5.)

## III. CLAIMS AGAINST ORANGE COUNTY SUPERIOR COURT

Plaintiff's claims based on allegedly erroneous rulings by the Orange County Superior Court are barred for lack of jurisdiction or, in the alternative, immunity from suit.

### A. Lack of Jurisdiction Under *Rooker–Feldman* Doctrine

■■■ Under the *Rooker–Feldman* doctrine, this Court does not have jurisdiction over a complaint that is a de facto appeal of a state-court judgment, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), because a federal court "does not possess direct oversight powers over [state] courts", *Varner v. Bailey*, 2015 WL 5254292, *4 n.4 (W.D. Mich. Sept. 9, 2015) (Paul Lewis Maloney, J.) (citing *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009)). " The *Rooker–Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state[-]court judgments is vested in the [United States] Supreme Court, then it follows that such review may not occur in the lower federal courts.' " *Smith v. Manderfield*, 2014 WL 3534083, *2 (W.D. Mich. July 16, 2014) (Maloney, C.J.) (quoting *Kovacic v. Cuyahoga County Dep't of Children &Family Servs.*, 606 F.3d 301, 309 (6th Cir, 2010)).

■ The doctrine applies when "the federal plaintiff ... complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." [1] *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003), *appeal filed*, No. 15–2368 (6th Cir. Nov. 10, 2015). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified the scope of the *Rooker–Feldman* doctrine, stating, "The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517.

### B. Immunity

#### 1. Eleventh Amendment

■ As an arm of the State of California, the County Superior Court is immune from suit under the Eleventh Amendment. *See Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the state, barred by the Eleventh Amendment"). The Eleventh Amendment shields the state or its courts from suits for all types of relief. *See Krainski v. State*, 616 F.3d 963, 967 (9th Cir. 2010).

---

1. To the extent that any related proceedings in state court are ongoing, *Younger* abstention is appropriate to the extent that plaintiff seeks relief from this federal court that would interfere with matters pending before the state courts. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Such ongoing state court proceedings would implicate important state interests in family relations. Moreover, Plaintiff has an adequate opportunity to litigate federal claims in state court. *See H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

### 2. Judicial immunity

Plaintiff is advised that he cannot correct these deficiencies by suing one or more family court judges or by suing the staff of those judges or the staff of the family court.

To the extent that plaintiff seeks monetary damages, "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355–56, 98 S.Ct. 1099. Judicial immunity applies when a plaintiff alleges that the judge erred or failed to comply with due process. *Id.* at 359–60, 98 S.Ct. 1099; *see also Cleavinger v. Saxner*, 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

Judicial immunity can be overcome only in two circumstances: (1) the plaintiff seeks redress for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) the plaintiff seeks redress for actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). Plaintiff's complaint challenges rulings of the state court and does not allege any non-judicial action or any action taken in the complete absence of jurisdiction.

To the extent that plaintiff seeks injunctive relief, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 983.

Plaintiff has not allege any such circumstances.

## IV. Plaintiff, Who Is Not an Attorney, May Not Represent Others In Federal Court

In the caption, plaintiff lists not only his name but also "and family." (Compl. at 1.) Plaintiff may appear *in pro per* for himself only. He may not represent anyone else in federal court, even a spouse, children, or other family members. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *cf., e.g., Rune Kraft v. Old Castle Precast, Inc.*, 2015 WL 11232401, *2 (C.D. Cal. July 20, 2015) (Valerie Baker Fairbank, J.) ("There is no record evidence that Rune Kraft is a licensed attorney in any jurisdiction, and Rune Kraft has not alleged that he is a licensed attorney. Accordingly, it was inappropriate for him to purport to file the complaint, motions, and briefs on behalf of [another party]. The Court warns Rune Kraft that if he persists in submitting documents on behalf of [another party] or otherwise purport[s] to represent [the other party] in this case, he may face sanctions—including monetary sanction, dismissal without prejudice of his complaint, and/or dismissal *with* prejudice of his complaint.") (citing C.D. Cal. LCivR 83–2.2.2 and 83–2.1.1.1).

**Moreover, plaintiff may not represent minors. The "capacity to sue ... is determined ... by the law of individual's domicile"**, Fed. R. Civ. P. 17(b)(1), and absent evidence to the contrary, it appears that plaintiff's domicile is California. *See generally Paiva v. Curda*, 162 F.Supp.3d 1056, 1064 (C.D. Cal. 2016) (Dean Pregerson, J.) (noting that domicile is not necessarily the same as "residence") (citing Black's Law Dictionary (10th ed. 2014)); *Yhudai v. Mortgage Electronic Registration Systems, Inc.*, 2015 WL 5826777, *6

(C.D. Cal. Oct. 2, 2015) (Margaret Morrow, J.) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, ....'") (quoting *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)).

**With limited exceptions not relevant here, California law requires appointment of a guardian ad litem for a minor appearing in a lawsuit.** Cal. Code of Civ. Proc. § 372(a); *Williams v. Superior Court*, 147 Cal.App.4th 36, 46, 54 Cal. Rptr.3d 13 (2007). State law defines a minor as a person under the age of 18 years. *See* Cal. Family Code § 500. However, under Ninth Circuit precedent and local civil rules, a guardian "cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also* Central District of Cal. L.R. 83–.2.1.

## V. Claims Based on California Welfare and Institutions Code Section 5150

Plaintiff complains of a "§ 5150" that constituted false imprisonment in violation of Cal. Penal Code §§ 36–37 and "trafficking" in violation of "section 7102(8) of Title 22 of U.S. Code. (Compl. at 4.) Plaintiff has failed to allege sufficient facts to allege claims based on false imprisonment, human trafficking or other claims based on Cal. Welf. & Inst. Code § 5150.

### A. False Imprisonment

 "[F]alse imprisonment consists of detention without legal process." *Wal-*

*lace v. Kato*, 549 U.S. 384, 389, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (Scalia, J., for the majority).

The question of probable cause is raised by an alleged violation of a person's Fourth Amendment right to be free from unreasonable search and seizure in the context of implementation of § 5150. *See Maag v. Wessler*, 960 F.2d 773, 775–76 (9th Cir. 1991) (analyzing Montana statutes).

"When a person, as a result of a mental health disorder, is a danger to others, or to himself or herself, or gravely disabled," designated persons "may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services." Cal. Welf. & Inst. Code § 5150(a).[2] When determining whether a person should be taken into custody pursuant to § 5150(a), the individual making that determination applies § 5150.05 "and shall not be limited to consideration of the danger of imminent harm." *Id.* § 5150(b). Section 5150.05 permits the individual making that determination to consider "available relevant information about the historical course of the person's mental disorder" when applicable. *Id.* § 5150.05(a)–(b). California law provides the individual making the determination with immunity when detention is supported by probable cause under § 5150. Cal. Welf. & Inst. Code § 5278 (individual

---

**2.** Section 5150 has been found constitutional. As explained in a decision of United States District Judge Marilyn Hall Patel of the Northern District of California:

Section 5150 is simply a codification of particular circumstances falling into well-established exceptions to the Fourth Amendment's warrant requirement. *See Mincey v. Arizona*, 437 U.S. 385, 392[, 98

S.Ct. 2408], 57 L.Ed.2d 290 (1978) ("Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid.").

*Duarte v. Begrin*, No. C 05–05223 MHP, 2007 WL 705053, \*5 (N.D. Cal. Mar. 2, 2007).

authorized to detain person for 72–our treatment and evaluation under § 5150 "shall not be held either criminally or civilly liable for exercising this authority in accordance with the law").

██ Plaintiff fails to allege any facts indicating lack of probable cause for the § 5150 hold. "Probable cause exists under section 5150 if facts are known to the officer 'that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself.'" *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007) (quoting *People v. Triplett*, 144 Cal. App.3d 283, 192 Cal.Rptr. 537 (1983)).

In addition, the complaint names defendants that are not liable under a federal claim of false imprisonment under 42 U.S.C. § 1983 or *Bivens* as explained below.

### 1. State Actor Requirement

██ To state a civil rights claim under § 1983, Plaintiff must allege that the defendant, while acting under color of state law, deprived Plaintiff of rights secured by the United States Constitution or federal statutes. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Ctr.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

██ Plaintiff names two private hospitals, St. Joseph's Catholic Hospital of Orange, California, and Hoag Hospital in Newport Beach, California (Comp. at 1–2.) Plaintiff does not allege that these entities took action under color of state law. *Brentwood Academy v. Tennessee Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001).

██ Under the close-nexus test, plaintiff must allege the specific conduct at issue and sufficient facts of "such a close

nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Caviness*, 590 F.3d at 812–13 (citation and quotation marks omitted). Plaintiff does not allege any facts about what St. Josephs Catholic Hospital or Hoag Hospital did or did not do, and does not allege any facts showing a nexus between such conduct and state action.

To allege joint action, Plaintiff must allege an agreement or meeting of the minds to violate Plaintiff's constitutional rights. *See Crowe v. County of San Diego, Calif.*, 608 F.3d 406, 440 (9th Cir. 2010). The complaint contains no such allegations of joint action between either St. Joseph's Catholic Hospital or Hoag Hospital and a government entity or official.

### 2. Federal Actor: Long Beach Veterans Hospital

██ Plaintiff names as a defendant the Long Beach Veterans Hospital. The court takes judicial notice that the Veterans Hospital is part of the United States Department of Veterans Affairs, Veterans Health Administration. *See* Fed. R. Evid. 201.

██ It appears that plaintiff is attempting to state a civil-rights claim against the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ("*Bivens*").

However, "no *Bivens-like* cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim v. Department of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008). Accordingly, Plaintiff cannot maintain a *Bivens* civil rights action against the United States or against federal agencies such as the Department of Veterans Affairs or its hospitals. Plaintiff does not name any individual as a federal defendant.

### B. Human Trafficking and Other Claims Based on § 5150

Plaintiff appears to argue that § 5150 violates Cal. Penal Code §§ 236, 236.1 and 237. Plaintiff cites the statute involving human trafficking, Cal. Penal Code § 236.1. California provides a cause of action for human trafficking under Cal. Civ. Code § 52.5.

 Human trafficking is defined as the deprivation or violation of the personal liberty of another "with the intent to obtain forced labor or services." Cal. Penal Code § 236.1. Plaintiff fails to allege any intent to obtain forced labor or services, which is defined as "labor or services that are performed or provided by a person and are obtained or maintained through force, fraud, duress, or coercion, or equivalent conduct that would reasonably overbear the will of the person." Cal. Penal Code § 236.1(h)(5); *see Talib v. Guerrero*, 2016 U.S. Dist. LEXIS 49891, 2016 WL 1470082 (C.D. Cal. Mar. 14, 2016) (Douglas McCormick, M.J.) (recommending dismissal for failure to allege facts indicating defendants acted with intent to obtain forced labor or services within meaning of § 36.1), *R & R adopted*, 2016 WL 1452315 (C.D. Cal. Apr. 12, 2016) (John Kronstadt, J.).

Similarly, Plaintiff cites 22 U.S.C. § 7102(8). Section 7102 is part of the Trafficking Victims Protection Act. Although Plaintiff cites subpart (8), Plaintiff's reference to trafficking indicates he intended to refer to subpart (9), which defines the term "severe forms of trafficking in persons." 22 U.S.C. § 7102(9). This term means: "(A) sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not at-tained 18 years of age; or (B) the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery." *Id.* Again, however, Plaintiff fails to allege any facts indicating sex trafficking or detention of a person for labor services through the use of force, fraud or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage or slavery.

The last basis for the § 5150 claim is "SCR–5 Anti–emitism (2015–016) chap. 29." (Compl. at 5.) This citation is to the California Senate Concurrent Resolution 35, Chapter 129, "Relative to Anti–Semitism." Under this resolution, each University of California campus was urged to adopt a resolution to condemn anti-Semitism and racism. The non-binding provision was passed on July 16, 2015. *See* http://leginfo.legislature.ca.gov/faces/bill NavClient.xhtml?bill_id= 201520160 SCR35. However, there is no indication of any private right of action under this Senate Concurrent Resolution and, in any event, the University of California is not a defendant in this action.

### ORDER

The complaint is **DISMISSED without prejudice.**

No later than Monday, November 28, 2016, **plaintiff MAY FILE** a First Amended Complaint that corrects the deficiencies described above.

Failure to file a timely First Amended Complaint that corrects those deficiencies may result in dismissal of the action *with* prejudice on the merits and/or for failure to diligently prosecute this action.[3]

---

**3.** *See Crump v. CSP–Los Angeles County's Maintenance–Plant Operations Dep't,* 2016 WL 4035545, *6 (C.D. Cal. June 9, 2016) (Fairbank, J.) (dismissing action without prejudice for lack of prosecution and warning of

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints, attachments, pleadings or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California civil action form for plaintiffs who are not prisoners.

**IT IS SO ORDERED.**

possible dismissal *with* prejudice) (citing Fed. R. Civ. P. 41(b) and C.D. Cal. LCivR 41–1).